(No. 4660—

COUNTY OF WILL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1955.*

FRANK H. MASTERS, JR., Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

The complaint filed herein on December 28, 1954, by the County of Will, is based upon Secs. 37, 38 and 39, Chap. 65, Ill. Rev. Stats., which provide that the State of Illinois shall assume and pay to a county, wherein there is located a state penal institution, the necessary expenses incurred by said county and its officers, either by means of service rendered or otherwise, by reason of court proceedings in said county involving a petition for writ of habeas corpus by or on behalf of an inmate of the penal institution located therein, who was not a resident of such county at the time of his commitment, and was not committed by any court located in said county.

A portion of the claim set forth in the complaint was barred by Chap. 37, Ill. Rev. Stats., Sec. 439.22, due to the fact that this Court was without jurisdiction with reference to certain items described in the complaint, since they accrued more than two years prior to the filing of the complaint. These items were stricken upon the granting of respondent's motion, which motion was unopposed by claimant.

The amount prayed remaining for consideration by this Court consists of a claim by the Clerk of the Circuit Court of Will County for filing seventy petitions for writs of habeas corpus at the statutory filing fee of $5.00, or a total of $350.00; and a claim by the Clerk of the Circuit Court of Will County for furnishing to the Attorney General of the State of Illinois copies of said petitions at the rate of $0.50 per page, or a total of $231.50.

A stipulation was entered into between claimant and respondent, where, in substance, the facts alleged in the complaint were acknowledged as correct.

We have examined the exhibit attached to the complaint as to the petitions for writs of habeas corpus, and the charges and expenses set forth opposite the names of the petitioners, as well as the law applicable to said claims. It appears to us that claimant is entitled to an award in the sum of $581.50, and the claim in that amount is hereby allowed.